Bassick Min. Co. et al. v. Davis et al.

1. When, through fraud, mistake, or for any reason recognized as a ground of equitable interference, the legal title to any portion of the public domain has been obtained by a party, when in equity and good conscience another was better entitled, a court of equity will treat the patentee as a trustee, and compel him to convey.

2. Where the facts do not appear on the face of a complaint so as to admit of a demurrer, the defense of *bona fide* purchaser for value without notice must be pleaded to be available.

## Appeal from District Court of Custer County.

THE defendants in the court below demurred to the complaint of the plaintiffs on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, the defendants stood by their demurrer, and a decree was entered in favor of the plaintiffs. From this decree the defendants appeal to the supreme court. The following abstract sufficiently shows the character of the complaint. The above-named plaintiffs complain and allege " that they and defendant Edmund C. Bassick are native-born citizens of the United States, and are the owners of all (excepting the hereinafter mentioned portion, described as decreed to the defendants Smith, Buckley, Meredith and Holmes) of the Queen Victoria mining claim, situated in Hardscrabble mining district, in said county of Custer, and state of Colorado; * * * that in the year 1879 the defendants Smith, Buckley, Meredith and Holmes made their application for a United States patent for and to the Nemeha lode mining claim, · * * * during the sixty days directed by law. The plaintiffs and said Bassick (one of the defendants) and one Benjamin F. Smith were the owners of all of said Queen Victoria claim, and duly filed in the United States land office at Pueblo, Colorado, their adverse claim to, and were then the owners of, all that portion of the ground of said Queen Victoria mining

claim embraced in said application for patent, which is thus described, to wit: * * * And that within thirty days after the said filing of said adverse claim, on September 29, 1879, said adverse claimants commenced their suit in the district court of said county of Custer in support of and to determine their said adverse claim; and then, on, to wit, the date last aforesaid, said adverse claimants filed in the office of the recorder of the said county of Custer a notice of the pendency of their said action, containing the names of the parties to the said action, the object thereof, and description of the property affected thereby, to wit, the same property which is above bounded and described; and therefore, in said district court, in said action, proceedings were had which, on, to wit, October 31, A. D. 1879, resulted in a decree rendered and entered in said district court as follows, that is to say: '*Samuel Davis, John W. Lawrence, Edmund C. Bassick, Benjamin F. Smith and Robert J. Steger v. Lorenzo W. Smith, William Buckley, William Meredith and William H. Holmes.* On this day come the said plaintiffs and said defendants, by their attorneys, and by consent of both parties (plaintiffs and defendants) the following judgment and decree is entered in this action, that is to say: It is considered, adjudged and decreed by the court that the following described portion of the premises in dispute in this section, to wit, * * * be, and the same is, vested in the defendants. And it is considered, adjudged and decreed that of the premises in dispute herein, described and bounded as follows, to wit, * * * be, and the same is, vested in the said plaintiffs. And the parties hereto shall pay their own costs in this action.' And that by said decree there was vested in said adverse claimants the last above bounded and described premises, and the same became thereby and were declared to be the property of the said adverse claimants. And a certified copy of said decree, under the seal of said district court, and the hand of the

clerk thereof, was thereafter duly filed in the said land office, and the matter of said application for patent was proceeded with, and the same terminated in the granting of a patent by the United States to said applicants for the whole of their (claimed) Nemeha mining claim; and included in said patent was and is the whole of the premises by said decree vested in said adverse claimants. And that since the rendition and entry of said decree the said Delano, Theodore H. Lowe, S. M. Carleton, the Bassick Mining Company and O. E. Sperry have taken, or attempted to take, by deed, from said defendants, or some of them, interests in said premises (mentioned in said decree), and in those so vested as is aforesaid in the plaintiffs and said Bassick and Benjamin F. Smith. And that said Ophelia P. Lowe claims some interest in said premises so decreed to the adverse claimants, as is aforesaid, but whether by deed or otherwise the plaintiffs are not informed and are unable to state. And that after the rendition and entry of said decree, and on, to wit, May 17, A. D. 1880, the said Benjamin F. Smith sold for a valuable consideration, and by a sufficient deed of conveyance conveyed, to said Bassick, all his interests (being an individual eighth) in said Queen Victoria mining claim. And that, upon receiving information of the granting of said patent, the plaintiffs, on their own behalf and that of said Bassick, demanded, and caused to be demanded, of and from the defendants, conveyance of said (last above bounded and described) premises to them, and were met with a refusal on the part of the defendants to give such a deed; and the defendants (except said Bassick) neglect, and they do refuse, to make or give such a deed or conveyance for said premises, and hold, and claim the right to hold, the same as and for their own, free and clear from all claim of the plaintiffs and the said Bassick thereon, contrary to right and justice and the said decree. And that the said defendants (excepting said Bassick) are not entitled to hold or claim

the premises (or any thereof) so decreed as is aforesaid to said adverse claimants, save and except in trust for the plaintiffs and the said Bassick; and they do, under said decree and patent, hold the title to the same in trust for the plaintiffs and said Bassick, and not in their own right, nor for their own use. And that the defendants and each of them, excepting said Bassick, are threatening and endeavoring to sell and dispose of said Nemeha lode claim and said premises, which were so decreed to said adverse claimants as is aforesaid, without protecting the rights therein of the said plaintiffs and said Bassick, and to their very great injury in the premises. And that the said Bassick is made a defendant herein because the plaintiffs cannot obtain his consent to join herein as plaintiff, and it is necessary that he be a party herein to fully protect the plaintiffs' rights. Wherefore the plaintiffs demand judgment — *First*, that this court require the defendants (except said Bassick), by a short day, to convey to the plaintiffs and said Bassick the premises so decreed to the adverse claimants as is in the foregoing complaint set out; and that in default thereof a commissioner be appointed by this court to make, execute, acknowledge and deliver such said conveyance; *second*, that the defendants pay the costs herein; and *third*, that all proper, other, further or different relief be granted and decreed as may be consonant to equity and justice in this action." On January 23, 1885, the appeal was dismissed by this court as to the Bassick Mining Company, and the cause is now prosecuted by and on behalf of John S. Delano.

Messrs. A. J. RISING and G. C. NORRIS, for appellants.

Messrs. BLACKBURN and DALE, for appellees.

ELBERT, J. The demurrers of the several defendants were properly overruled. The bill of complaint stated a case for equitable jurisdiction and relief. When, through

fraud, mistake, or for any reason recognized as a ground of equitable interference, the legal title to any portion of the public domain has been obtained by a party, when in equity and good conscience another was better entitled, a court of equity will treat the patentee as a trustee, and compel him to convey. *Filmore v. Reithman*, 6 Colo. 120; *Wells v. Francis*, 7 Colo. 396; *Johnson v. Towsley*, 13 Wall. 74; *Moore v. Robbins*, 96 U. S. 530; *Marquez v. Frisbie*, 101 U S. 473. Counsel for the appellant Delano contends that he was a *bona fide* purchaser for a valuable consideration, without notice. This was matter for defense, and should have been interposed by answer. Where the facts do not appear on the face of the complaint, so as to permit a demurrer, this defense must be pleaded in order to be available. 2 Pom. Eq. Jur. § 784, and cases cited.

The decree of the court below must be affirmed.

*Affirmed.*