# SUPREME COURT

OF THE

## STATE OF COLORADO.

## January Term, 1906.

[Nos. 4643 and 4644.]

DAVIDSON v. FRASER.

1. **Appellate Practice—Transcript of Record and Bill of Exceptions Combined.**

   Where, instead of lodging in the appellate court a transcript of the record proper, together with a bill of exceptions, the two were blended together and the record thus made was certified and attested by the trial judge and by the clerk, the exceptions taken to the rulings of the trial court have been made a matter of record.—P. 4.

2. **Mines and Mining—Adverse Suits—Pleading—Complaint— Amended Complaint—Departure.**

   A cause of action is the fact, or a combination of facts, which gives rise to a right of action, and where, in an amended complaint, the facts pleaded were somewhat different but were directed to some ultimate fact presented by the original complaint, there is no serious departure.—P. 5.

3.  Same—Adverse Suits—Amended Complaint—Changing Cause
    of Action.

Where the cause of action pleaded by plaintiff in his orig-
inal complaint in an adverse suit consisted of plaintiff's alleged
exclusion from his interest in a certain mining claim by the
defendant, his co-owner, and in the amended complaint, in addi-
tion to the facts originally pleaded, he based his right of owner-
ship upon an executory contract and a conveyance which he
sought to have reformed, there was no change of action.—P. 5.

4.  Same—Patents—Adverse   Suits—Federal   Statutes—Co-own-
    ers.

U. S. Rev. Stats., sections 2325, 2326, providing for the issu-
ance of patents for mineral lands and the prosecution of adverse
claims to mining locations, apply only to adverse claims arising
out of independent conflicting locations of the same ground, and
not to controversies between co-owners claiming under the same
location.—P. 6.

5.  Same—Patents—Adverse Suits—Co-owners.

The owner of an interest in a mining claim who has been
excluded by his co-owner in an application for patent, may
adverse or protest such application and maintain an action in
support thereof under Colo. Civil Code, section 275, permitting
an action for possession of an interest in realty to be brought
by a tenant in common against his co-tenant, where the latter
has actually ousted the former and done some act or acts
amounting to a denial of his rights as a co-tenant.—P. 7.

*Appeals from the District Court of Park County.
Hon. Samuel L. Carpenter, Judge.*

Actions by Alexander B. Davidson against Wil-
liam Fraser. From a judgment in favor of defend-
ant in each case, plaintiff appeals.      *Reversed.*

Mr. GEO. R. ELDER, for appellant.

Mr. C. A. WILKIN, for appellee.

The main question in each of these appeals being
the same, they will be disposed of in one opinion.

Appellee filed separate applications in his own
name and right for patent on the A. Alexander and
the East Saginaw lode mining claims.   These appli-

cations were adversed by appellant, who brought suits in ejectment in support thereof. In each of these actions he set up in his complaint that he was a co-tenant with defendant and the owner of an undivided one-third interest in each claim, and further pleaded facts from which it appeared the defendant had excluded him from his interest therein, and denied his rights as a co-tenant. To each of these complaints a defense was interposed by way of motions or demurrers, to the effect that one claiming to be a co-tenant in a mining claim upon which application for patent is made, from which he is excluded, is not entitled to file an adverse against such application, nor maintain an action in support thereof. These defenses were sustained. Thereupon the plaintiff filed an amended complaint in the action which involved the East Saginaw lode. The latter amended the original in some particulars, which, however, it is not necessary to notice. The same defense was again interposed and sustained, and the action dismissed. Plaintiff also filed an amended complaint in the cause involving the A. Alexander lode. This pleading, in addition to the facts originally pleaded, based the right of ownership of the interest in the premises in controversy upon an executory contract and a conveyance which plaintiff sought to have reformed, from each of which, by mutual mistake of himself and his grantor, there had been omitted the interest in the premises which it was the intention of the parties to include in such contract and conveyance. The contract referred to and the deed mentioned had not been executed by the defendant but by another party who subsequently conveyed to the defendant the interest in the claim which the plaintiff contended belonged to him, it being alleged that the defendant took this interest with full knowledge of plaintiff's rights. The defendant moved to

dismiss the amended complaint for the reasons stated in the defense interposed to the original, and also upon the ground that the amended complaint stated a different cause of action from the original, and against a stranger to the suit. This motion was sustained.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

It is contended on behalf of appellee that no exceptions to the rulings of the court on the motions have been properly preserved by bills of exceptions. What are termed bills of exceptions in these cases have been prepared in a form different from that usually followed. Instead of lodging in this court transcripts of the record proper, together with bills of exceptions, the two have been blended in one. That is to say, the record proper, together with those matters which can only be brought to the attention of this court by a bill of exceptions, have been prepared and treated as bills of exceptions. The record as thus made up is certified and attested by the trial judge and also by the clerk. From this it appears that the plaintiff did except to the rulings of the court under consideration; so that over the signature and seal of the trial judge the exceptions taken to the rulings of the trial court have been made a matter of record.

The two mining claims conflict, and counsel for appellee objects to the amended complaint filed in the case involving the East Saginaw for the reason that the original only embraced the parts of the claim which did not conflict with the A. Alexander, whereas, by the amended complaint, the ground in controversy is limited to the conflict between the two claims. The complaint is inartificial in this: That it makes averments which would be appropriate in support of

an adverse between hostile locations instead of limiting it to a statement of the case upon which the plaintiff relies to maintain his action, namely, that he had been ousted and excluded from his interest in the premises in controversy by a co-owner. Notwithstanding these inconsistencies, we do not think the pleading is objectionable upon the ground urged.

The next question to consider is whether or not the plaintiff, by his amended complaint, filed in the cause involving the A. Alexander lode, departed from the cause of action originally pleaded. A cause of action is the fact, or combination of facts, which gives rise to a right of action. The cause of action as originally pleaded by the plaintiff consisted of two ultimate facts: (1) his exclusion by the defendant from his interest in the premises; and (2) his interest therein. By his amended complaint, there was no change with respect to either of these two facts. He thereby pleaded his exclusion by the defendant, and his interest which he claimed in the premises. With respect to the latter, the facts pleaded were somewhat different, but they were directed to the same ultimate fact presented by his original complaint, namely, his interest as a co-tenant. The amended complaint did not change the cause of action originally pleaded, because, according to each pleading, it was identical as against the defendant.

The vital question is, whether or not an owner of an interest in a mining claim, who has been excluded by his co-owner from an application for patent, may adverse or protest such application and maintain an action in support thereof. So far as advised, this precise point has not been ruled upon by a court of review. Mr. Morrison, in his work on Mining Rights, 10th Ed. 413, and Mr. Lindley, in his work on Mines, 2nd Ed., vol. 2, § 728, each express views to the effect that where a co-owner applies for a patent in his

own name to the exclusion of his co-tenant, the latter may institute proceedings in the Land Office and maintain an action in support thereof. The personal views of these learned authors on the subject of mining law are entitled to great weight. §§2325-6 of the Revised Statutes of the United States only apply to adverse claims arising out of independent conflicting locations of the same ground, and not to controversies between co-owners claiming under the same location.—*Turner v. Sawyer,* 150 U. S. 578; *Stevens v. Grand Central M. Co.,* 133 Fed. 28; 4 Current Law, 656; *Thomas v. Elling,* 25 L. D. 495.

There is no statute prescribing the steps which shall be taken by an owner of an interest in a mining claim from which he has been excluded by his co-owner in an application for patent. Rule 58 of the land department provides in substance that the claimant of a present interest in a mineral location who is excluded from the application for patent thereon may protest against the issuance of a patent, and such protestant will be deemed a party in interest entitled to appeal. Under this rule, and prior to its promulgation, it is now, and was, the practice of the land department, when an owner of an interest in a mining claim who has been excluded from the application for patent thereon by a co-owner, filed his protest, to direct that a suit be brought in support of such protest, and await the result of such action before issuing patent.—*Coleman v. Homestake M. Co.,* 30 L. D. 364; *Thomas v. Elling,* 26 L. D. 220.

While the department is not required to await the bringing of a suit in support of such protest, because there is no provision in the statute therefor, and no obligation upon either party to invoke the jurisdiction of a court to determine their rights in such circumstances, nevertheless, the department has adopted the practice indicated for the reason that it

is its duty, before issuing patent, to determine who is entitled thereto, and that it is desirable, as well as expedient, to permit the parties to proceedings initiated in the Land Office by protest to have their rights finally determined in a court of the vicinage where witnesses can be more readily produced than before the land department, and then accept the judgment of such court as determinative of the rights of the parties. This is certainly a wise policy, and there is no legal objection to its recognition by the courts. An owner who has been excluded by his co-owner from an application for patent may maintain an action against the patentee to establish and enforce a trust in the patented claim. Having this right, there can certainly be no valid objection against the maintenance of an action during the pendency for patent, the purpose of which is to have his rights determined before patent issues. In fact, this course ought to be encouraged, especially when the land department will await the result of such an action before issuing patent, if the excluded owner initiates the necessary proceedings in the Land Office through which the application for patent is made.

There may be instances wherein it might be necessary for the excluded co-owner to follow this course rather than await the issuance of patent before bringing suit, because of the dangers which might arise of losing his rights by *laches*, the statute of limitations, or the intervention of the rights of innocent third parties.

Section 275 of our Code of Civil Procedure permits an action for the possession of an interest in realty to be brought by a tenant in common against his co-tenant, where the latter actually ousted the former, or did some act or acts amounting to a denial of his right as a co-tenant. By virtue of this provision, the plaintiff could maintain an action

against the defendant independent of the fact that he had filed a protest against the issuance of patent to the premises from which he has been excluded. The action of the defendant in excluding the plaintiff by applying for a patent in his own name amounts to a denial of the rights of the plaintiff, and such action cannot be pleaded as a bar to a suit instituted by the plaintiff to establish his rights. The wrong committed by the defendant cannot abate an action instituted by the plaintiff, the purpose of which is to right that wrong, and establish his rights in the premises in controversy, and which may result, when the judgment in such action is exhibited to the land department, in the issuance of a patent to the plaintiff and defendant instead of the latter, which, for the purposes of the motions interposed below, he admits he is not entitled to.

The judgment of the district court in each case is reversed and the causes remanded for further proceedings not inconsistent with this opinion.

*Judgments reversed.*

JUSTICES GODDARD and BAILEY concur.