[No. 5571.]

ALLEN v. THE BLANCHE GOLD MINING COMPANY.

1. **Equity—Bona fide Purchase**—The defense of bona fide purchase must be presented by answer unless it appears by the complaint.—(202)

2. **Mining Claims—Application for Patent—Adverse Claim**—The vendor of a mining location having deposited a deed in escrow to be delivered on payment of the agreed purchase money, need not interpose an adverse claim to an application for a patent by one who claims under a surreptitious delivery of the deed, without complying with the conditions of the deposit. The doctrine of Davidson v. Fraser, 36 Colo. 1, reaffirmed.—(202)

3. **Pleading—Laches**—The defense of laches is to be asserted by answer—not by demurrer.—(202)

*Error to Teller District Court*—Hon. WILLIAM P. SEEDS, Judge.

Mr. C. C. BUTLER, for plaintiff in error.

Mr. R. G. WITHERS, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

A demurrer to the complaint upon the ground that, "it does not state facts sufficient to constitute a cause of action against the defendant," was sustained The plaintiffs refused to amend their complaint and elected to stand thereon. The court thereupon rendered judgment in favor of the defendant and for its costs. The cause comes here by writ of error.

The complaint avers in substance that the plaintiff Allen being the owner of an undivided one-half interest in the Uncle Sam lode, situate in the county of Teller, placed in escrow a deed for his interest in the property with H. B. Gill to be delivered to one Frank Dodson upon the payment of a thousand dollars within three years from September 6, 1895; that

without plaintiff's knowledge and without the performance of the terms of the escrow agreement, the said deed was taken from the possession of said Gill and placed of record in Teller county; that thereafter, through mesne conveyances, the pretended right and title of said Dodson to said property was conveyed to The Shurtloff Gold Mining Company; that thereafter, and without the knowledge of the plaintiff, the said mining company applied for and obtained a United States patent for said mining claim to The Shurtloff Gold Mining Company and to the heirs of George Popst, deceased, wholly ignoring the rights of the plaintiff Allen; that thereafter, through divers mesne conveyances, the pretended right and title of said Dodson and The Shurtloff Gold Mining Company to said undivided one-half interest to said mining claim was conveyed to defendant.

The action was begun April 28, 1902; and it is further averred in the complaint that until within two years prior to the commencement of the suit the plaintiff Allen had no knowledge or notice of the matters hereinabove set forth, but supposed that his said deed was still held by H. B. Gill, or had been lost or destroyed; that on October 17, 1901, the plaintiff Allen sold and conveyed to plaintiffs S. A. Phipps and W. R. Gilpatrick an undivided one-fourth interest in said Uncle Sam gold mining.claim, and that said plaintiffs, Allen, Phipps and Gilpatrick are now the rightful owners of an undivided one-half interest in said claim. The complaint prays that the deed so wrongfully obtained from the possession of the escrow holder be canceled, annulled and held for naught, and that defendants be required to deliver to plaintiffs a good and sufficient deed conveying to them said undivided one-half interest in said Uncle Sam lode mining claim, and for costs, and for such other relief as may be proper and according to equity.

In support of the judgment counsel insist that the complaint does not state a cause of action because: (1) "No cause of action is stated under our recordation acts." (2) "Plaintiffs permitted The Shurtloff Gold Mining Company to obtain a patent from the United States without adversing its application." (3) Defendant is an owner of a subsequently acquired independent title, and no reason is stated why a court of equity should divest it of that title. (4) "Defendant is shown to be a subsequent *bona fide* purchaser for value and therefore entitled to have its title protected."

1. The demurrer should have been overruled, not sustained. The defendants claim that having all the record title, as no allegation is found in the complaint to the contrary, they should be regarded as *bona fide* purchasers for value, and, as such, entitled to protection in their purchase. Sec. 446, Mills' Ann. Stats., provides that certain instruments affecting title to real estate may be filed in the recorder's office, and that "from and after the filing thereof for record in such office, and not before, such deeds * * * shall take effect as to subsequent *bona fide* purchasers and incumbrancers by mortgage, judgment or otherwise, not having notice thereof." And the defendant in error insists that as the complaint shows that the deed alleged to have been fraudulently taken from the escrow holder was recorded, and as no allegation of fraud is made against the holder of the record title, they will be presumed to have been *bona fide* purchasers. A very important question and one difficult of solution is presented even if the holder of the legal title should be declared a *bona fide* purchaser, for many authorities hold that a deed fraudulently taken from the depository of an escrow, although afterwards recorded, affords no protection

to a *bona fide* purchaser and that the deed conveys no title, but we prefer to not pass upon that question at this time. If the fact that the defendant is a *bona fide* purchaser for value without notice is clearly shown by the complaint, the defendant may resort to a demurrer, but if it does not so appear in the complaint the defendant can avail himself of this defense only by answer.—2 Pom. Eq. Jur. 784; *Bassick Mining Co. v. Davis*, 11 Colo. 130.

The defendant, then, if it relies upon the defense that it is a *bona fide* purchaser, must answer.

2. The plaintiff Allen was not required to file an adverse claim to the application of The Shurtloff Mining Company for a patent to the Uncle Sam claim. The statutes of the United States providing for the prosecution of adverse claims apply only to adverse claims arising out of independent or conflicting locations of the same ground, and not to controversies between co-owners claiming under the same location.—*Davidson v. Fraser*, 36 Colo. 1.

3. In discussing the third and fourth grounds of demurrer counsel urge that the complaint shows such negligence on the part of Allen in asserting his claim that he should not recover, and that inasmuch as no fraud is charged on the part of the defendants, he should in a fair and satisfactory manner explain why he neglected to assert his claim sooner. Assuming that plaintiff might have been guilty of *laches* in not earlier asserting his claim, he is not required to make an affirmative showing in the complaint. The question should not be raised by demurrer, but by answer. It is sufficient that his action is brought within the limit of the time fixed by the statute. And even though he brings his suit within the time, circumstances may warrant a court of equity in denying him relief; still, we have held that the procedure in this jurisdiction requires the question to be raised

by answer, not by demurrer.—*Ballard v. Golob,* 34 Colo. 417.

For the reasons given the judgment will be reversed.                                                    *Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.