METCALF AUTO COMPANY, in Equity *vs.* ARTHUR R. NORTON.

Franklin.    Opinion March 30, 1920.

*Lease.    Option to release at expiration.    Term of years defined.    Rule as to inter-*
*pretation to be given to language susceptible of two constructions.*

A lease of a garage from the defendant to the plaintiff contained the following
clause: "With the privilege on the part of the lessee to release at the end of
said term said premises for a term of years to be agreed upon at the same rental
of $400 a year."

At the end of the original term the plaintiff claimed the right to elect and did elect
by written notice to renew the lease for two years.   The defendant contends
that in the absence of a mutual agreement fixing length of new term the plaintiff
has no right to any additional term.   The plaintiff says that the agreement to
renew for a term of years to be agreed upon gave it the legal right to a renewal
for a period of at least two years that being the shortest period comprehended
in the phrase "a term of years".

*Held:*

That the plaintiff's contention is sound.

If the language of a contract is reasonably susceptible of two constructions, that
interpretation should ordinarily be adopted which gives the words some meaning
rather than another which leaves them meaningless.

A lease or agreement to lease for years or for a term of years is a good lease or agree-
ment for two years.   For more than this there is no certainty; for less there can
be no sense in the words.

Bill in equity seeking to enjoin defendant from instituting pro-
ceedings of forceable entry and detainer against plaintiff to get
possession of a garage occupied by plaintiff under a lease with option
of releasing for a term of years at expiration of term.   Questions of
law having arisen, the parties agreeing thereto, the case was reported
to the Law Court for its determination upon bill, answer, replication,
and evidence.   Bill sustained.   Decree in accordance with the
opinion.

The case is stated in the opinion.

*Frank W. Butler,* for plaintiff.

*Elmer E. Richards,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J.   On May 4, 1914 the defendant leased a garage to the plaintiff for five years.   The lease contains the following clause: "with the privilege on the part of the lessee to release at the end of said term said premises for a term of years to be agreed upon at the same rental of $400. a year."

On May 5, 1919 the plaintiff elected to renew the lease for two years and gave the defendant written notice of such election.

On May 27th 1919 the defendant by letter declined to renew lease for any further period putting his refusal on the ground "that there is no privilege of renewal unless the same is agreed upon by both parties."

Undoubtedly a contract to make or renew a lease is of no legal effect if the premises to be leased or the term or the rental is left to be determined by subsequent agreement of parties.   In this case the property to be leased and the rental are clearly specified.   The defendant says that the term of the renewal was left indefinite.   He maintains that the phrase "a term of years to be agreed upon" means no more than "a term to be agreed upon."

The complainant on the other hand says that "a term of years" means not less than two years and that the renewal clause has the same effect as if it had provided for an extension for two years and as much longer as the parties might agree.

The plaintiff's contention is sustained by reason and authority. If the language of a contract is reasonably susceptible of two constructions, that interpretation should ordinarily be adopted which gives the words some meaning rather than another which leaves them meaningless.   See 9, Cyc. 586.

"The natural and legal, as well as the literal and grammatical construction of the words 'any terms of years' must be a period of time not less than two years."   Ex parte Seymour, 14 Pick., 40.

"A lease 'for years' without any number being fixed is for two years certain."   Washburn Real Property, 5th Ed. Vol. 1, page 471.

"If a man make a lease for years without saying how many it is a good lease for two years; for more than this there is no certainty and for less there can be no sense in the words."   Taylor's Landlord

& Tenant 9th Ed. Sec. 77; Woodfall's Landlord & Tenant Vol. 1, page 55; See *Boston Clothing Co.* v. *Solberg* (Wash.), 68 Pac., 715.

It is true indeed as urged by the defendant's counsel that the common law definition of estates for years comprehends and includes any fixed term however short.

We believe however, that the parties in making this lease and contract used the word "years" in its common and ordinary sense and not in its sense as employed in the common law classification of estates.

> *Bill sustained.*
> *Decree in accordance with*
> *this opinion.*