No. 9322.

TERRACE IRRIGATION DISTRICT, ET AL. *v.* OVERFLOW DITCH NO. 1, ET AL.

Decided February 7, 1921.

Action to enjoin diversion of water on account of abandonment. Judgment for plaintiffs.

*Affirmed in Part and Reversed in Part.*

*On Petition for Rehearing.*

1. PLEADING—*Parties—Waiver.* An objection on the ground of defect in parties plaintiff is waived by answer.

2. WATER RIGHTS—*Abandonment—Decree.* A decree enjoining diversion of a part of an appropriation of water is valid as to the

parties to the proceeding, and in this case is not invalid because it fails to specify on whom the loss of the abandoned portion should fall, that being a question to be settled in another suit.

3.  *Abandoned Water Right—Innocent Purchaser.* A water right being intangible, when abandoned has no existence in fact or theory.

   There can be no such thing as an innocent purchaser of an abandoned water right.

*Error to the District Court of Conejos County, Hon. W. N. Searcy, Judge.*

Mr. John R. Smith, Mr. George M. Corlett, Mr. Ralph L. Carr, for plaintiffs in error.

Mr. John T. Adams, Messrs. Goudy, Twitchell & Burkhardt, Mr. Frank B. Goudy, for defendants in error.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

This was a suit by defendants in error to enjoin the diversion of certain water on account of abandonment. The court found for plaintiffs that certain rights claimed by defendants in the Gomez, Jose Maria Valdez, T. K. Walsh, Lovett and Walsh ditches had been partially abandoned. Defendants come here on error. There was a cross bill alleging abandonment of certain rights claimed by plaintiffs in the Lowland and Overflow No. 1 ditches and on this point also the court found for plaintiffs and error is assigned thereon. There were other rights in question, but it is not necessary to notice them.

We will first consider the Gomez ditch.

By the original decree in water district 21, this ditch was awarded 4.62 second feet as of August 1, 1867. There was evidence tending to show that not more than two second feet had been used for many years and other evidence tending to show abandonment of all over that amount. The court found that all over two second feet had been abandoned and enjoined the further diversion of any above that amount. We are not willing to disturb that finding.

Gomez, the original appropriator, had sold 3½ of his original 4.62 second feet, and the defendant, The Terrace Irrigation District, through several mesne conveyances, had acquired it, and now insists that no valid decree could be rendered declaring an abandonment of any portion of this priority unless the present owner of the remaining 1.12 second feet were a party, and that no valid decree was rendered because it was not decided on whom the loss of the abandoned portion of the priority should fall.

We think neither of these points is well taken, because a defect of parties is waived by answer, which leaves the decree in this case valid as to the parties even if not as to others, and because the present decree enjoins the diversion merely, and does not purport to decide to whom the water rights belong, which leaves disputes as to ownership of the remaining two second feet to be settled in other suits.

As to the Gomez ditch, then, the decree should be affirmed.

As to the Jose Maria Valdez ditch the evidence of abandonment is much stronger, indeed a prior adjudication of abandonment of all but 5.2 second feet has been affirmed in this court, 42 Colo. 178, 93 Pac. 1115. This amount of water, 5.2 second feet, is left intact by the decree now before us.

The plaintiffs in error claim to be innocent purchasers, but, since the records of the court of original jurisdiction and of this court bear a decree which declares abandonment by their predecessors in title, and since we find no allegation in the pleadings and no evidence that they did not know of this decree when they purchased, we cannot say they were innocent. *Bassick M. Co. v. Davis,* 11 Colo. 130, 134, 17 Pac. 294. There is no statute requiring the filing of such a decree in the office of the county clerk. The record of a transcript of the judgment docket, to secure a lien, is quite another matter. Furthermore, we do not think there can be such a thing as an innocent purchaser of an abandoned water right. Tangible things, though abandoned, still exist, but a water right, intangible, once abandoned, has no existence in fact or theory. Whether a

junior appropriator can be estopped by conduct to assert an abandonment against one who has purchased an abandoned senior right and expended money in the belief that it was not abandoned, is another question, upon which we express no opinion.

A question arises in regard to this ditch similar to that in regard to the Gomez ditch above, *i. e.*, On whom should the loss, caused by the decree of abandonment, fall? But here, as there, we think the question is not before us but must be settled in another proceeding.

As to the Lovett ditch, Walsh ditch and T. K. Walsh ditch a majority of the court is of the opinion that there is not sufficient evidence of abandonment to justify the finding of the court below, and, with respect to those ditches, therefore, the judgment should be reversed. On this point Mr. Justice Burke and the writer do not agree with their colleagues.

We do not disturb the findings of the court as to the Lowland, the Overflow No. One or the New Union Ditch, because there is sufficient evidence in the record to support such findings.

With reference to the criticism by counsel of the motives of their opponents in preparing an insufficient abstract, we suggest that such are irrelevant to the issues before the court, and call attention to the case of *Manning v. The People,* 180 Pac. 748, S. C. 66 Colo. 249-252.

The judgment is affirmed as to all matters except the Lovett, Walsh and T. K. Walsh ditches; as to them it is reversed, with directions to enter judgment for defendants in accordance with these findings.

MR. JUSTICE TELLER not participating.