CLARENCE LAGUMIS, Plaintiff, *v.* MAY GERARD, Defendant.

(Supreme Court, Kings Special Term for Motions, September, 1921.)

Principal and agent — contract under seal — undisclosed principal.

> A contract under seal for a lease made with one known to be an agent may be enforced by his undisclosed principal.
> *Harris* v. *Shorall,* 230 N. Y. 343, followed.

MOTION for judgment on the pleadings.

No appearance for plaintiff.

Percy L. Housel, for defendant.

CROPSEY, J. This demurrer involves the question whether an undisclosed principal may enforce a contract to make a lease where the contract is under seal. The complaint alleges the making of the contract by the defendant, the owner of the property, and one Velmachos, and a copy of the contract is attached thereto and made a part thereof. It is under seal and although it does not state that the parties have sealed it, opposite each signature appears the letters " L. S." The complaint further alleges that in the making of that agreement Velmachos was the agent for the plaintiff and was acting for him which fact was at that time known to the defendant. Alleging the refusal of the defendant to give the lease, as called for by the contract, the plaintiff seeks specific performance.

If the agreement were not under seal the plaintiff could enforce it by showing that in fact it was made for him by his agent. *Navarre H. & I. Co.* v. *American Appraisal Co.*, 156 App. Div. 795, 797; *City Trust, Safe Deposit & Surety Co.* v. *American Brewing Co.*, 182 N. Y. 285; *Case* v. *Case*, 203 id. 263. And the fact that the Statute of Frauds was involved would make no difference. Even in such case the undisclosed principal may enforce the contract or be held upon it. *Dykers* v. *Townsend*, 24 N. Y. 57; *Briggs* v. *Partridge*, 64 id. 357, 362; *Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818; affd., 220 N. Y. 706. The reasons for this are well understood. See 24 L. R. A. (N. S.) 315–318, note. And if the contract in question were not sealed this plaintiff could specifically enforce it. *Byrne* v. *McDonough*, 114 Misc. Rep. 529; affd., 198 App. Div. 908, on opinion below.

But defendant's counsel contends that the presence of the seal makes the foregoing cases inapplicable. And he cites a number of cases supporting his contention. There is and can be no doubt that heretofore in this state the rule has been as defendant contends. There are multiple of authorities to that effect. But there is no reason for continuing to follow that rule. It is a very ancient one and whatever reason may have been deemed sufficient to support it originally none now exists. At common law a seal was treated almost with sanctity. But no such consideration has been given to a seal in this state for many years. The change has been wrought and recognized in part by statute (Code Civ. Pro. § 840; Gen. Const. Law, § 44), and by statements in judicial opinions. See *McCreery* v. *Day,* 119 N. Y. 1; *Thomson* v. *Poor,* 147 id. 402. But notwithstanding all this the rule has continued to be followed apparently merely because it had existed.

Certainly it is only an arbitrary, unreasonable rule which never accomplishes any good and is used only to prevent the administration of justice. So long as the highest court in the state continued to uphold the rule, judges before whom the question came in the first instance hesitated to do otherwise than follow it. Now, however, that the Court of Appeals has plainly indicated that the rule should no longer be followed I do not hesitate to hold that an undisclosed principal may enforce a contract under seal the same as though it were not sealed. See *Harris* v. *Shorall,* 230 N. Y. 343–348, 349. This I believe to be a sensible, logical holding and if applied will result in eliminating this ancient useless rule from our jurisprudence.

Plaintiff does not claim to be an assignee of the contract. His claim is that the contract was his originally, that he was the party to it, although his

name was undisclosed. Hence the cases cited dealing with the rights of assignees of such contracts to obtain specific performance of them have no application.

The further point is made that the contract shows that certain of its terms had not been agreed upon. I do not so read it. The contract is to give a lease for five years upon specific terms. As to this there is no uncertainty and nothing left to be settled. The lease was to contain the option in the tenant of securing a further term of five years after its expiration "at a rental to be agreed upon." The lease to be executed will, of course, contain just such a provision. The parties evidently did not intend to agree upon the rental for the additional five year term should the tenant elect to take it. That was to be considered at the expiration of the first five year period.

It is argued that it would be an injustice to compel the defendant to make a lease to the plaintiff as his " credit, reputation and general desirability may be vastly different from that of the person with whom she did in fact contract." But the complaint alleges that the defendant at all times knew that the party in whose name the agreement was made represented the plaintiff.

The complaint pleads a good cause of action, hence the demurrer does not lie and the motion is denied. Defendant may answer within ten days.

Motion denied.