## No. 11,635.

### BECHMANN, ET AL. *v.* TAYLOR, ET AL.

Decided September 13, 1926.

Action for specific performance of an agreement for renewal of a lease. Judgment for defendants.

### *Reversed.*

### *On Application for Supersedeas.*

1. LANDLORD AND TENANT—*Lease—Construction.* The words "And at the end of the five years parties of the second part may have the option of the building at what the rent will be worth at that time," contained in a lease, held an option for renewal.

2. *Lease—Renewal—Term.* An option for renewal of a lease being silent as to the term, it will be construed to be the same as the original.

3. *Lease—Construction.* Construing the words, "And at the end of the five years parties of the second part may have the option of the building at what the rent will be worth at that time," contained in

a lease, it is held that the lessee was entitled to a renewal at a rental to be fixed at the fair market rate.

4.  *Lease—Construction.*  Where a lease contains written and printed portions which are inconsistent, the written part must prevail.

5.  PLEADING—*Evidence—Effect.*  Evidential matters should not be pleaded, and the truth of such matters, when pleaded, is not admitted by demurrer.

6.  SPECIFIC PERFORMANCE—*Pleading—Legal Remedy.*  In an action for specific performance of the terms of a lease containing an option for renewal, the objection that the law furnished an adequate remedy overruled, and the complaint held to state a cause of action for specific performance.

7.  PLEADING—*Innocent Purchaser.*  One claiming to be an innocent purchaser in an action against him for specific performance, must plead the facts showing him to be such.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Messrs. BENEDICT & PHELPS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error were plaintiffs below.  Their action was for specific performance of an agreement for renewal, contained in a lease to them from one Hackley who had afterwards conveyed the remainder to defendant Taylor.  A demurrer to the complaint was sustained, the plaintiffs elected to stand and judgment was entered against them.  We think the judgment was wrong.

The complaint shows that Hackley gave Bechmann (for simplicity we ignore his co-lessees) a lease for five years, from March 1, 1921, to March 1, 1926.  The lease was on a printed form and contained the following in

Hackley's handwriting: "And at the end of the five years parties of the second part may have the option of the building at what the rent will be worth at that time." Before the end of the term Bechmann notified Taylor of his election to take the option, but they could not agree on what the rent was worth; in July Taylor gave notice to quit and brought unlawful detainer before a justice of the peace. This action was then begun.

The main question is the validity of the above quoted clause, secondarily its interpretation. We think it valid and that it amounts to an option for a renewal. The objection to its validity is that it is uncertain as to the term and the rent on renewal; but in such cases it is universally held that the term is the same as the original; and as to the rent, the clause is clear and plain that the rent was to be the fair market rate, i. e. the reasonable rent, at the date of renewal. How can we say that such a contract is not sufficient when we are enforcing contracts for quantum valebat, quantum meruit, goods sold and delivered, goods bargained and sold, for reasonable rent, etc.? We do not, as defendant in error claims, make a contract for the parties, we merely determine the reasonable worth, and, under the facts stated, plaintiff is entitled to a renewal at such rent as the court shall find is reasonable. As to the term, see *Rutgers v. Hunter,* 6 Johns. Chan. 215; *Tracy v. Albany Exch. Co.,* 7 N. Y. 472, 57 Am. Dec. 538; *Cunningham v. Pattee,* 99 Mass. 248, 250, and cases there cited; *Iggulden v. May,* 7 East. 237. As to the rent, see *Marckres v. Perry Gas Works, et al.,* 189 Iowa, 1204, 179 N. W. 538; *Hayes v. O'Brien,* 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555; *Milnes v. Gery,* 14 Ves. Jr. 399, 401. The same principle is sustained in *Scholtz v. Northwestern, etc., Co.,* 100 Fed. 573, 40 C. C. A. 556, where the contract for a lease provided that it should be in the "usual form," and in *Cochrane v. Justice M. Co.,* 16 Colo. 415, 26 Pac. 780, where the contract provided for "settlement as usual." This last case was a bill for specific performance. *Scholtz v. North-*

*western, etc., Co.,* was an action for damages, but the court intimates that the decision would have been the same were the suit for specific performance.

The lease contained the following in print: "And it is mutually agreed, That if after the expiration of this lease, the parties of the second part shall remain in possession of said premises and continue to pay rent without a written agreement as to such possession, then they shall be regarded as a tenant from month to month at a monthly rental, payable in advance, equivalent to the last month's rent hereunder."

It is urged that, since the lessee remained in possession and paid rent at the expiration of the term, this provision must be enforced. There are two answers to that proposition: (1) The written part must prevail if the two parts are inconsistent. 16 R. C. L. pp. 883, 884; 1 Tiff. L. & T., 289; *American Surety Co. v. Empson,* 39 Colo. 445, 89 Pac. 967. (2) They can be construed consistently by saying that the last quoted clause will take effect only if the option be not exercised.

A large part of the complaint, including all the correspondence between the parties shown in subjoined exhibits, is merely evidential; it should not have been alleged and was not admitted by demurrer. We are tired of citing the Colorado authorities on this point. They begin with *Sylvis v. Sylvis,* 11 Colo. 319, 17 Pac. 912. Some of the confusion in this matter may have arisen from this pleading.

The oral agreements should not, of course, have been stated. They were invalid as agreements and added nothing to the complaint. The question whether they were relevant as evidence is not before us. The correspondence above mentioned seems relevant to the question of election, but that question is not before us.

It is claimed that law furnishes an adequate remedy, but a suit for damages after eviction would be open to all the objections to such a remedy in case of contracts for the purchase of real estate, where specific performance is almost a matter of course, and a successful de-

fense of an action of ejectment or of unlawful detainer would leave the tenant in possession, it is true, but without full evidence of the nature of his title or the terms under which he held. We think these remedies hardly adequate. We conclude that the complaint states a cause of action for specific performance.

Taylor suggests that he is an innocent purchaser. If so he must plead it. *Bassick Co. v. Davis,* 11 Colo. 130, 17 Pac. 294; *Allen v. Blanche Co.,* 46 Colo. 199, 202, 102 Pac. 1072; *Terrace Irr. Dist. v. Overflow Co.,* 69 Colo. 362, 364, 195 Pac. 325; *Casco Co. v. Central Co.,* 75 Colo. 478, 481, 226 Pac. 868.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE ALLEN, and MR. JUSTICE WHITFORD concur.