## Edwards et al. v. Bernstein.

(Decided March 13, 1931.)

COLEMAN TAYLOR and SELDEN Y. TRIMBLE for appellants.

ALLEN, BOTTS & DUNCAN, REX LOGAN and W. V. PERRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On January 30, 1920, J. Bernstein leased to Henry B. Edwards a store house and building on Main street in Russellville, Ky., for a period of five years for a rental of $125 to be paid monthly. The lease contained, among others, these provisions:

"The Lessor hereby grants unto said Lessee the option to renew this lease for a further term of five (5) years, commencing on the expiration of the term aforesaid, for a yearly rental of Fifteen Hundred Dollars ($1500.00) payable in monthly installments, payable at the end of each month, and subject to all other terms of this lease. However, the notice of the exercise of this option shall be given to said Lessor by said Lessee at least thirty (30) days before the expiration of this lease.

"The Lessee is hereby given the option on said building at the end of said (10) years, that is to say, the right to renew said contract for an additional period of ten (10) years, at a rent to be agreed

upon between the parties hereto, provided said Bernstein desires to rent the same.''

In 1925 Edwards exercised his option to renew the lease for a further term of five years. When that five years was drawing to a close, Edwards wrote to Bernstein, who lived in Lexington, Ky., proposing that they fix the rent to be paid for the next ten years. Considerable correspondence ensued. Edwards thought that $100 a month was a reasonable rent; Bernstein insisted that a reasonable rent was $200 a month. They could not agree on the amount of the rent, and Edwards filed a suit under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12) to obtain a declaration of the rights of the parties under the lease. The process was served on Bernstein in Lexington, Ky. He objected to the jurisdiction of the Logan circuit court and the circuit court overruled this objection; but on appeal to this court it was held that the circuit court should have dismissed the action without prejudice. Edwards v. Bernstein, 231 Ky. 100, 21 S. W. (2d) 133.

On the filing of the mandate in that case Bernstein took out a writ of forcible detainer against Edwards, who had refused to surrender possession and had tendered Bernstein the rent at the rate of $100 a month. The writ of forcible detainer was dismissed by the county judge, but on appeal to the circuit court an agreed case was made submitting the rights of the parties under the contract to the court. On final hearing a judgment was entered in favor of Bernstein and Edwards appeals.

The only question made on the appeal is the right of Edwards under his lease to an additional term of ten years. It will be observed that by the terms of the lease the lessee is given the option to renew the contract for an additional period of ten years at a rental to be agreed upon between the parties provided Bernstein desires to rent. There is much conflict in the authorities as to whether or not a renewal covenant in a lease, which leaves the renewal rental to be fixed by future agreement between the parties, is valid. Many courts hold that such provisions are unenforceable for uncertainty and indefiniteness, while others hold that they are not too vague and indefinite to admit of decreeing specific performance. Some of the recent cases in which the view has been adopted that such provisions are invalid are Candler v. Smyth et al., 168 Ga. 276, 147 S. E. 552; Giglio v. Saia,

140 Miss. 769, 106 So. 513; Levin v. Munk (Ind. App.) 169 N. E. 82; Conos v. Sullivan et al., 250 Mass. 376, 145 N. E. 529; Keating v. Michael et al., 154 Ark. 267, 242 S. W. 563; Crane v. Berman (Mo. App.) 297 S. W. 423; Metcalf Auto Company v. Norton, 119 Me. 103, 109 A. 384.

Among the cases taking the opposite view are Edwards v. Tobin, 132 Or. 38, 284 P. 562, 68 A. L. R. 152; Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 56 A. L. R. 903; Bechmann et al. v. Taylor, 80 Colo. 68, 249 P. 262; Stern Co. v. Friedman, 229 Mich, 623, 201 N. W. 961; Young v. Nelson, 121 Wash. 285, 209 P. 515, 30 A. L. R. 568; Lagumis v. Gerard, 116 Misc. Rep. 471, 190 N. Y. S. 207.

The precise question has never been definitely determined in this state, though the cases of Slade v. City of Lexington, 141 Ky. 214, 132 S. W. 404, 32 L. R. A. (N. S.) 201, and Parsons v. Ball, 205 Ky. 793, 266 S. W. 649, seem to lean toward the view that such provisions are enforceable. For the purposes of this opinion we shall assume, without deciding, that the correct rule is the one announced in Edwards v. Tobin, supra, which is that a renewal covenant in a lease, which leaves the rental to be determined by agreement of the parties, is not void for uncertainty but is a contract which equity will enforce.

In the contract under consideration the renewal covenant contains the qualification, "provided said Bernstein desires to rent same," and a proper decision of the case depends upon the construction and effect to be given this qualifying clause. This was a condition precedent to the right of renewal, and it was incumbent on appellants to show that Bernstein at the expiration of the lease in January, 1930, desired to rent the property. Assuming that the renewal covenant with the concluding provision is enforceable, clearly this proviso must be given some effect. We are not prepared to say it gave Bernstein the absolute right to refuse to rent the property to Edwards on any terms so long as he desired to rent it at all, but it did give him the right to sell the property, or use it himself, or allow it to remain vacant rather than renew the lease. While a number of letters passed between the parties during the years 1928 and 1929 in regard to renewing the contract, and Bernstein evinced a willingness to rent the property at a rental agreeable to him, the minds of the parties never met and

no rental was agreed on. Edwards took the position that he had the right to exercise the option to renew the contract at a reasonable rental and insisted that $100 a month was reasonable. Bernstein refused to agree to a renewal of the lease for a rental less than $200 a month. Until the parties agreed on the rental the contract stood as though no negotiations between them had taken place and Bernstein was not foreclosed from determining to make some use or disposition of the property other than renting it, provided his intention to rent it was changed before the termination of the existing lease, which occurred on January 30, 1930. He did decide not to rent the property and on December 5, 1929, wrote to Edwards as follows:

"Referring to the Lease contract dated January 30, 1920, covering the store building on Main St., in Russellville, Ky., I desire to supply you notice of the following facts.

"I do not desire to rent the premises described in the contract above mentioned, after the expiration of the contract period, to-wit, January 30, 1930.

"I have concluded to sell the property and have placed a sale price thereon at $20,000.00 payable one-third cash and the balance in equal installments due in One and Two years; and deferred payments to be evidenced by notes bearing six per cent. per annum, and secured by Vendor's lien on the real estate. The deed to contain the usual covenants for the benefit of both the Grantor and Grantee.

"While it is not my construction of the existing contract between us that I am required to give you any rights by way of option, I am still disposed to accord you every possible privilege, and am therefore by this writing vesting you with an option to purchase the property above mentioned for a period of Ten days from the date hereof at the price and on the conditions stated above. If you exercise this option, I will convey the premises to you by good and sufficient deed of general warranty, with release of dower, and upon the payment of the price mentioned.

"Kindly let me hear from you respecting your decision. Failing to receive your acceptance of the option, I will feel at liberty to look for a purchaser elsewhere."

If this letter was written in good faith, and there is nothing in the record tending to indicate that it was not, and Bernstein at the termination of the existing contract, still in good faith, retained the intention to sell rather than to rent the property, Edwards cannot complain, since he could not under the very terms of the renewal covenant compel Bernstein to renew the contract, even at a reasonable rental, if the latter did not desire to rent the property to any one. Under the agreed facts of this case, Bernstein, before the termination of the existing lease and while he still had the right so to do, elected to sell the property and not to lease it for a further term.

It follows that the judgment of the lower court is correct, and it is affirmed.

The whole court sitting.