## LEVIN v. MUNK.

[No. 13,364. Filed December 10, 1929. Rehearing denied February 6, 1930. Transfer denied June 7, 1933.]

*S. K. Frankenstein,* for appellant.

*Vesey, Shoaff & Hoffman* and *Ray E. McCall,* for appellee.

ENLOE, J.—June 27, 1922, the appellee leased to one Ernest J. Miltenberger, for a term of five years, the ground floor store room, known as No. 328 South Walnut Street, in the city of Muncie. The lease also covered the basement under said room. October 18, 1922, Miltenberger, with the consent of appellee, assigned said lease and all rights thereunder to appellant, and appellant at once took possession of said premises and occupied them for business purposes up to about November, 1926, when he removed his stock of merchandise therefrom. He refused to pay the subsequent rental on said property as the same became due, hence this suit.

The first complaint was filed Februery 4, 1927, and by it the appellee sought a recovery of the rents accruing for the months of December, 1926, and for January and February, 1927, which rents amounted to $900. April 6, 1927, a second action was commenced to recover the rents for the months of March and April, 1927, in the sum of $600. These actions were commenced in the Allen Circuit Court, and by change of venue taken to Huntington county for trial. The two actions were consolidated for trial and resulted in a verdict for appellee, upon which, after appellant's motion for a new trial had been overruled, judgment was

rendered. The errors assigned are: (1) Sustaining a demurrer to appellant's cross-complaint; (2) overruling motion in arrest of judgment; and (3) overruling motion for a new trial.

The said cross-complaint was based upon an alleged promise made by the appellee to give to the appellant the first opportunity to re-lease the said premises before leasing the same to any other person, and it was alleged that the appellee did not keep his said promise but in violation thereof leased said premises to the United Cigar Stores Company, without giving to appellant any opportunity to re-lease the same. The agreement as pleaded contained no terms, time lease was to run, or of rental to be paid. It was therefore without legal force and effect; it was void for uncertainty. *Streit* v. *Fay* (1907), 230 Ill. 319, 82 N. E. 648, 120 Am. St. Rep. 304. We therefore conclude that the court did not err in sustaining said demurrer.

The appellant next urges that as appellee did not, in writing, assume and agree to be bound by the covenants in said lease to Miltenberger, any promise made by him in that behalf, not being in writing, was void under the statute of frauds and that the complaint did not state facts sufficient to entitle the appellee to judgment, and therefore the court erred in overruling his motion in arrest.

We can not concur in this contention. In Spencers Case (1793), 3 Coke 16, the court had occasion to consider 32 Hen. 8, ch. 34, which statute came to us as a part of our common law, and it was in said case held that a covenant to "pay rent," was a covenant which "runs with the land," and that the assignee of a term, who enters and takes possession, though not bound by any *express promise* to pay such rent, yet, by reason of privity of estate was bound to pay such rental. This doctrine has been recognized in Indiana in the follow-

ing cases, among others, viz.: *Carly* v. *Lewis* (1865), 24 Ind. 23; *Jordan* v. *Water Co.* (1902), 159 Ind. 337, 64 N. E. 680; *McDowell* v. *Hendricks* (1879), 67 Ind. 513.

The appellant next urges that the verdict is not sustained by sufficient evidence, and is contrary to law. In support of this contention he calls our attention to the fact that the appellant removed his stock of goods from the premises in November, 1926, and thereafter surrendered and turned over to the agent of appellee the keys to said premises and also his copy of said lease, and he urges that while his client was bound to pay the rent while he occupied said premises, yet when he turned over said keys and surrendered his said lease, such obligation ceased and he was not liable for any rent thereafter accruing.

The question of the surrender of this lease and the possession of said premises was put in issue by the pleadings, and an instruction covering this issue was given to the jury. While there is no controversy as to the fact that said keys and said lease were turned over to the agent of appellant who collected the rents as they accrued, there is ample evidence that the appellee refused to accept such surrender and that the said keys and said lease were returned to appellant who thereafter retained the same. We can not say that the verdict herein is not supported by sufficient evidence.

The appellant also complains of the exclusion of certain testimony. The said testimony was directed to the proving the *scope* of an alleged agency. The fact that the *agency itself* had not been proved; this was the initial or primary fact, and until after there was legitimate evidence tending to establish this fact, evidence as to alleged *scope* of such alleged agency was incompetent, and the appellant did not

attempt to prove by any competent testimony the *fact* of such agency.

There is but one other alleged error we need to consider. The court, at the request of appellee, by an instruction told the jury, *inter alia,* that if they found for the appellee, they should, in addition to the rent in arrears, allow him his reasonable attorney's fees, and interest on the rent remaining unpaid from the time the same became due. This instruction was erroneous. In *Spencers Case, supra,* it was said: "When the covenant extends to a thing *in esse,* parcel of the demise, the thing to be done by force of the covenant is *quodammodo* annexed and appurtenant to the thing demised, and shall go with the land and bind the assignee, although he be not bound by express words; but when the covenant extends to a thing which is not in being at the time of the demise made, it can not be appurtenant or annexed to a thing which hath no being. . . . As if the lessee covenants for him and his assigns to build a house upon the land of the lessor which is not parcel of the demise, or to pay any collateral sum to the lessor, or to a stranger, it shall not bind the assignee because it is merely collateral, and in no manner touches or concerns the thing that was demised, or is assigned over; and therefore, in such case the assignee of the thing demised can not be charged with it no more than a stranger."

As assignee of said lease the appellant was bound to pay said rent; this covenant ran with the land and bound him so long as there was, between himself and the owner of the fee, a privity of estate. The appellee was also, by force of our *statute,* entitled to interest on such rent in arrears, from the time of bringing suit, the bringing of suit being the equivalent of a demand. The verdict was for a sum in excess of that to which the appellee, as against appellant, was legally entitled.

If the appellee shall, within twenty days, remit, as of the date of said verdict, all of said judgment in excess of $1,555.30 and file with the clerk of this court a certificate from the clerk of the Huntington Circuit Court, showing such remittitur to have been made, this cause will be affirmed, otherwise the same will be reversed.