## SEIDENBACH'S v. CROWN DRUG CO.

No. 29389. April 30, 1940.

*102 P. 2d 186.*

Samuel A. Boorstin and Samuel H. Minsky, both of Tulsa, and John Barry, of Oklahoma City, for plaintiff in error.

Crouch, Rhodes & Crowe, of Tulsa, for defendant in error.

OSBORN, J. This action was instituted in the court of common pleas of Tulsa county by Crown Drug Company, a corporation, hereinafter referred to as plaintiff, against Seidenbach's, a corporation, hereinafter referred to as defendant, for the recovery of rent pursuant to a written lease. From a judgment in favor of plaintiff in the sum of $3,308.74, defendant has appealed.

Plaintiff, in its petition, alleged the execution of a written lease agreement, a copy of which was attached to and made a part of the petition, under the terms of which the defendant leased certain property in the city of Tulsa for a period of one year for the sum of $1,500, payable at the rate of $125 per month. The lease contained an acceleration clause which provided that should the lessee default in any monthly payment, the total principal sum should imme-

diately become due and payable. The lease also contained a typewritten option clause as follows:

"Party of the second part is hereby granted an option on the above leased premises for a period of two years from the First day of April 1938 at a rental of One Hundred Fifty Dollars ($150.00) per month. Party of the Second Part must notify Party of the First Part of their intention to exercise option granted in this lease on or before December 31, 1937, or said option becomes null and void."

It appears that the terms of the original lease were fully complied with, and defendant, in compliance with the provision regarding notice, wrote plaintiff the following letter, upon the bottom of which plaintiff acknowledged receipt of same:

"December 29, 1937

"Crown Drug Company
    "2110 Central
        "Kansas City, Missouri

"Gentlemen:

"With reference to the building lease dated March 18, 1937, from yourselves to the undersigned, covering the storeroom located in the Alhambra Building at the Northeast intersection of 15th and Peoria Streets, Tulsa, Oklahoma, and known as 1301 East 15th Street, you are advised that in accordance with the terms of the lease that the undersigned does hereby exercise its option to extend the same for a period of two years from April 1, 1938, as provided for in said lease.

"Kindly acknowledge receipt of this notice for our records.

"Seidenbach's
    "By: (signed) J. L. Seidenbach
                    President
"Attest:
    "A. W. Bryan
    "Secretary

"Seidenbach's
    "413 South Main Street
        "Tulsa, Oklahoma

"Gentlemen: This acknowledges receipt of notice that you have exercised your option to extend or renew the building lease which you have on 1301 East 15th Street store room, for two years from April 1, 1938, at a rental of $150.00 per month, as provided for in the original lease agreement above referred to.

"Crown Drug Company
    "By: T. L. Evans
                "President
"Attest:
(Seal)
"J. Dova
"Asst. Secretary."

Counsel seem to agree that the only question presented here for review is whether the foregoing option is sufficient to incorporate the terms of the original lease to the extent that the acceleration clause, supra, is operative and will automatically render the total amount of rentals which might become due during the two-year period due and payable upon default of defendant in the payment of one or more of the $150 monthly payments.

It is noted that defendant tendered to plaintiff, and offered to confess judgment for, the amount of rental due to the time of filing this action, which tender was refused by plaintiff, whereupon, defendant having declined to introduce any evidence, the court, upon motion of plaintiff, rendered judgment for the amount which would be due at the end of the two-year period, thus giving effect to the acceleration clause in the original lease.

The record reveals that the lease agreement was drawn by the agent of plaintiff, and the option clause was typed into it. The option clause in question simply says that the lessee is granted an option upon the premises for a period of two years at a rental of $150 per month, upon giving notice to lessor on or before December 31, 1937. The notice of intention to exercise the option refers to the terms thereof in the lease, and the acknowledgment of the notice by plaintiff refers to it as an offer to extend or renew the lease and specifically refers to the term of two years and the amount of the monthly rental. It is noted that

nothing is said in either the option clause of the lease, the notice or the acceptance thereof, regarding the incorporation of all the terms of the original lease for the additional two-year period.

It is well settled that the usual rules for interpretation of writings apply to a lease relating to renewals, and if there is any uncertainty, the tenant is favored rather than the landlord, because the latter, having the power to stipulate in his own favor, has omitted to do so. It is equally well recognized that every man's grant is to be taken most strongly against himself. See Tipton v. North (1939) 185 Okla. 365, 92 P. 2d 364, and cases therein cited. See, also, Swank v. St. Paul City Ry. Co. (Minn.) 75 N. W. 594.

From the plain language of the option clause, supra, it appears that upon proper notice the premises would be let to the defendant for an additional two-year period at a monthly rental of $150. Nothing is said about incorporating the terms of the original lease as a part of the agreement under the option, nor is there revealed an intent to do so in the notice and subsequent reply thereto. Plaintiff, in its reply to the notice, particularly specifies that the rental under the two-year option is to be at the rate of $150 per month, and it is apparent that the increased monthly rate was its chief concern. No principal sum for the two-year period was specified, and there was no mention of the acceleration clause contained in the original lease in either the option clause or the correspondence between the parties. In view of these facts, it is difficult to determine whether the parties intended the terms of the original lease to apply to the additional period or whether it was intended to execute a new contract at the increased rental rate. However, such question must be decided, and in view of the rule stated, supra, we must construe the agreement most strongly against the plaintiff landlord. Since plaintiff was in position to dictate the terms of the agreement, we cannot in-dulge the presumption that the acceleration clause was to be included under the option, in the absence of any reference thereto by the plaintiff. On the contrary, we must construe the agreement most strongly in favor of the defendant lessee.

It is noted that the acceleration clause states that upon default in payment of "any installment or the principal sum herein named, the total principal sum shall become immediately due and payable."

As heretofore stated, the option clause does not specify any principal sum to be paid during the two-year period, nor does it mention installments, but simply prescribes a rental of $150 per month, as contrasted to the original lease, wherein it was specified that the rental was for the sum of $1,500 payable at the rate of $125 monthly. We therefore conclude that, since the plaintiff dictated the terms of the option, it would have incorporated the terms of the original lease by reference had that been the intent of the parties.

Plaintiff relies upon numerous cases in other jurisdictions which have been carefully examined and found not applicable for the reason that the option clauses therein construed are silent as to method of paying rentals, or provided the rental for the new term should be at the same rate or manner as that provided in the original lease, or contained other language indicating that the terms of the original lease should apply to the additional period.

It follows, therefore, that the court erred in applying the acceleration clause of the original lease to the additional term under the option.

Judgment is reversed and the cause remanded, with instructions to enter judgment for the amount of rental due at the time this action was filed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.