Turner, J.
 

 This case presents the following law question: Is a covenant to renew and
 
 extend
 
 a written lease for a specified term (upon the.giving of the prescribed notice prior to the expiration of the original term) at a rental to be agreed upon between the parties, enforceable by a decree of specific performance upon the refusal of lessor to carry out his part of such covenant? In other words, is there no remedy for a lessee where a lessor fails to carry out his agreement to come to an -agreement upon a single feature of the lease, to wit: The rental. (We are assuming here that there is no plain, -adequate and complete remedy at law.)
 

 While the exact question presented is new in this state, the case of
 
 Lowe v. Brown,
 
 22 Ohio St., 463, is analogous in principle. In that case a 99-year lease,
 
 *629
 
 renewable forever, contained a provision for the adjustment of the rent every 20 years according to a return of eight per cent on the true value of the land to be fixed by appraisers. The appraisers failed to agree. In paragraph three of the syllabus this court held: “In such action, the court may refer the case to a master to take testimony and report therewith the ‘true value’ of the ground.”
 

 At page 467, Judge Day said: “But it is clear that the refusal of one party to comply with the covenants of the lease could not defeat the other party in the judicial attainment of his just rights.”
 

 In other jurisdictions there is a sharp conflict of decision with perhaps the greater number of cases and texts holding that a renewal covenant in a lease, which leaves the rental to be determined by agreement between the parties, is void
 
 for
 
 uncertainty.
 

 There is an important fact which must not be lost sight of in the instant case, which sets it apart from some of -the cases which might otherwise be- thought to be similar. The covenant under consideration here is not only for a renewal of the lease but for an extension thereof for three years at a rental to be determined by agreement. In other words, all the terms of the lease are fixed. When the lessees gave the prescribed notice, the identical lease was thereby. extended for three years at a reasonable rental.
 

 In the case of
 
 Kaufmann
 
 v.
 
 Liggett, post,
 
 the Supreme Court of Pennsylvania held that under such circumstances the fixing of the rental was not of the essence of the contract, and where the rental had not been fixed, nevertheless, the lessor might not dispossess the lessee.
 

 If the lessor in the instant case refuses to co-operate or holds. out for an unreasonable rental, may it be said that equity will not aid the lessee by carrying
 
 *630
 
 out the intention of the parties? Eor the court to fix a reasonable rental, where all other terms and conditions of the lease are fixed, would not amount to making a lease for the parties. The lease was already made and when proper notice thereunder had been given the lessor became bound to agree to a reasonable rental for the extended term.
 

 We are of the opinion that,'under the circumstances of this case, where all the other terms and conditions of the lease are fixed, the determination of the rental is a matter of form rather than of substance.
 

 In the case of
 
 Town of Bristol
 
 v.
 
 Bristol & Warren Water Works,
 
 19 R. I., 413, 34 A., 359, 32 L. R. A., 740, the provision was that the town might purchase the waterworks for a fair and reasonable price to 'be agreed upon by the parties or fixed by arbitrators appointed for that purpose. The contract was held enforceable. In that case it was observed:
 

 “In such a case the courts.hold that the manner of determining the price is a
 
 matter of form
 
 rather than of substance; and if it becomes evident that it cannot be determined in the manner provided for in the contract, by reason of the refusal of one party to do what in equity he ought to do, the court will detérmine it upon the application of the other.” (Italics ours.)
 

 In the case of
 
 Edwards
 
 v.
 
 Tobin,
 
 132 Ore., 38, 284 P., 562, 68 A. L. R., 152, it was held in the third paragraph of the syllabus as follows:
 

 “Under lease providing that lessee shall have option to renew lease at expiration thereof for period of five years, subject to conditions therein, on same terms as expressed, with exception of rental, which shall be determined at time of renewal, so as to be reasonable under then existing conditions, method of determining rent pertained
 
 more to form
 
 than to substance, and was not essence of contract as regards right to specific
 
 *631
 
 performance of covenant of renewal.” (Italics ours.)
 

 As lawyers, we boast that there is no right without a remedy. When a landlord covenants with his tenant that such tenant shall have a right to renew and extend at a rental to be agreed ujjon, it- is the function of equity to hold the landlord to his covenant.
 

 This court is interested in seeing that justice is done rather than in preserving forms which allow a man to violate a solemn covenant in his deed.
 

 We concur in the language used in the opinion in the case'of
 
 Edwards
 
 v.
 
 Tobin, supra,
 
 where specific performance was decreed under a lease covenant similar to that of the instant case. In the course of that opinion, the following is found at page 41:
 

 “It is fundamental that equity will not decree specific performance of a contract which is vague, indefinite and uncertain, nor will it make a new contract for the parties. It may, however, in the furtherance of justice, compel a party tó do that which in equity ought to have been done and which was in contemplation of the parties as expressed in their contract, assuming there is no adequate remedy at law. * * * Under such circumstances will equity permit the landlord arbitrarily and capriciously, in violation of the plain import of his agreement, to refuse to fix a reasonable rental? Will he be heard to say, ‘my agreement is too vague and indefinite to enforce?’ Common sense and justice dictate the answer.”
 

 In the case of
 
 Hall
 
 v.
 
 Weatherford,
 
 32 Ariz., 370, 259 P., 282, 56 A. L. R., 903, it was held:
 

 “Though renewal clause in lease leaves rent to be fixed by agreement, it is not void for uncertainty; a reasonable figure being implied.”
 

 In the A. L. R., the editors have used this syllabus for the foregoing case:
 

 “A provision for renewal in a lease is not invalid
 
 *632
 
 because tbe rental is to be fixed by agreement of tbe parties, since upon failure of tbe parties to agree tbe amount will be fixed by tbe court at wbat is reasonable. ’ ’
 

 In the case of
 
 Young
 
 v.
 
 Nelson,
 
 121 Wash., 285, 209 P., 515, 30 A. L. R., 568, it was held:
 

 “Specific performance may be decreed of a provision in a five-year lease for an option to renew at sucb rental ‘as may then be agreed upon between tbe lessor and lessee,’ tbougb there was no provision for arriving at an agreement as to tbe amount of the rent; since the provision was for tbe benefit of tbe lessee, which should not. be defeated by an unreasonable demand, and tbe court in tbe exercise of its equity power could ascertain tbe reasonable rent that should be allowed.”
 

 Tbe A. L. R. editors have condensed tbe foregoing syllabus as follows:
 

 “A contract to renew a lease ‘at sucb rental as may be agreed upon’ at its termination may be specifically enforced, since tbe court may determine wbat rental would be reasonable.”
 

 In tbe course of tbe opinion in tbe last above-mentioned case it is said:
 

 “In sucb a case as this we consider tbe agreement for renewal one for tbe benefit of tbe lessee; otherwise it would not have been included in tbe lease. It may be assumed that tbe owner may always find a tenant for bis premises, and therefore sucb a provision is not particularly for bis benefit. Tbe tenant is not always in sucb state, and often desires sucb a provision in bis lease. Evidently, therefore, it was intended for tbe benefit of tbe lessee, and may be supposed to have formed an inducement to tbe original letting.”
 
 Young
 
 v.
 
 Nelson, supra,
 
 was followed in
 
 Hammond
 
 v.
 
 Ringstad,
 
 10 Alaska, 543.
 

 
 *633
 
 In the case of
 
 Rainwater
 
 v.
 
 Hobeika,
 
 208 S. C., 433, 166 A. L. R., 1228, 38 S. E. (2d), 495, it was held, as shown by the A. L. R. headnote:
 

 “A provision of a lease giving the lessee an option for five additional years at the expiration of the lease, at a price to be agreed upon at that time, is not invalid for indefiniteness and uncertainty in leaving the renewal rental to be fixed by future agreement. ’ ’
 

 In the case of
 
 Joy
 
 v.
 
 City of St.
 
 Louis, 138 U. S., 1, 34 L. Ed., 843, 11 S. Ct., 243, it was held, as summarized in the Law Edition headnotes:
 

 “Where two railroad companies have received from the public authorities a grant of a joint right of way through a public park, upon the agreement and condition to permit, upon reasonable regulations and terms, other-railroads to use such right of way through the park and to the terminus of their road in the city,
 
 for a fair and equitable
 
 compensation, an easement for the benefit of the public is created, and one of said companies which has become the successor in interest of the other is bound to permit another railroad company, upon the consent of the public authorities, to use such right of way for a
 
 fair and equitable compensation.”
 
 (Italics ours.)
 

 The lower court in that case had fixed the compensation to be paid by the new company in a suit to enforce specific performance. The Supreme Court affirmed the decree of the lower court.
 

 In the case of
 
 Kaufmann
 
 v.
 
 Liggett,
 
 209 Pa., 87, 58A., 129, 67 L. R. A., 353, 103 Am. St. Rep., 988, it was held:
 

 “As a general rule in construing provisions of a lease relating to renewals, where there is any uncertainty, the tenant is favored, and not the landlord, because the latter, having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man’s grant is to be taken most strongly against himself.
 

 
 *634
 
 “Where a lease provides for an extension for a period of years, and that the rental shall be determined by arbitrators, and the lessee gives the notice of renewal required by the lease, but the arbitrators disagree and fail to fix the rental, the lessor has no right to dispossess the lessee during the extended term, inasmuch as the fixing of the rental is not of the essence of the contract. In such a case while a court of equity cannot compel an arbitration, it has the power either by itself or by' its officer to fix the amount of the rent to be paid by the lessee during the extended term.”
 

 In the case of
 
 Streicher
 
 v.
 
 Heimburge,
 
 205 Cal., 675, 272 P., 290, it was held:
 

 ‘ ‘ 1. Where the new estate has vested under a lease providing for arbitration, a failure of the arbitration provisions does not destroy or forfeit the lessee’s rights, but, if need be, a court of equity will intervene to fix a reasonable rental, and, in effect, decree specific performance and thus maintain the integrity of the tenure of the lessee.
 

 “2. In this action in unlawful detainer, after successive attempts had been made to fix by agreement or by arbitration the rental to be paid during the extended term as provided in the lease, it is held that, taking the lease as a whole and viewing it from all standpoints, it was never intended that the fixation of rental prior to the expiration of the original term of the lease was a condition precedent to 'the vesting of the new leasehold interest, and where defendant lessees complied with all the other term's and conditions of their lease relating to their right to a renewal thereof and to the vesting of the new leasehold, interest, they had the right of possession but
 
 mm onere.”
 

 In the case of
 
 Bird
 
 v.
 
 Couchois,
 
 214 Mich., 607, 183 N. W., 36, it was held:
 

 “A lease for a term of eight years, fixing, the rental
 
 *635
 
 to be paid for the first five years at $150 a year, and providing that tbe last three years the rent should be raised, the amount to be fixed by the lessors, is not void for uncertainty, since the lease covers the full period and provides for the fixing of the rent to be paid, and although not in the lease, the word ‘reasonable’ may be implied, in view of the previous dealings of the parties.”
 

 In the case of
 
 Arnot
 
 v. Alexander, 44 Mo., 25, 100 Am. Dec., 252, it was held:
 

 “1. Leaving-the amount of rent for the renewal term of a lease to be ascertained by what ‘responsible' parties would agree to give for the use of the premises ’ fixes the rent with as much certainty as though it were to be determined by a board of appraisers to be selected by the parties to the lease; and a court of. chancery may in either case hear evidence and determine for itself the rentable market value of the premises where the appraisement fails. What ‘responsible parties will agree to give’ for the use of the rentable business property is nothing more than its full or highest rentable value.
 

 “2. Where by the covenant for renewal of a lease the lessee is entitled thereto, ‘provided that parties' can agree upon terms, or that said lessee is willing to give as much as any other responsible party will agree to give, ’ it is in every way reasonable and just that the lessee should elect his rerdedy, and either take ’ damages at law or have a specific performance in equity.”
 

 In the case of
 
 Houston
 
 v.
 
 Barnett,
 
 90 Ore., 94, 175 P., 619, it was held:
 

 “Where fifteen-year lease contained an arbitration clause, which defined minimum rent and purchase price for the last five-year period, and provided how and by whom the increase should be determined, a court
 
 *636
 
 ■of equity, upon lessee’s refusal to comply, has jurisdiction to ascertain rental payable during last five years, and to grant specific performance of the arbitration agreement, which was a mere incident of lease and not of the essence thereof.”
 

 In the case of
 
 Anderson
 
 v.
 
 Frye & Bruhn,
 
 69 Wash., 89, 124 P., 499, it was held:
 

 “A lease for one year with the privilege of two year’s renewal at a rental satisfactory to both lessor and lé'ssee, is a single contract, calling for renewal at a reasonable rental, and not subject to the objection that the agreement for renewal was without consideration or unenforcible.”
 

 In the case of
 
 United Woolen Mills Co.
 
 v.
 
 Honaker,
 
 96 W. Va., 166, 122 S. E., 440, it was held:
 

 “Where the renewal clause of a lease provides that if at the expiration thereof the premises be for lease the lessee shall have the privilege of renewing or extending the lease ‘provided it is willing to pay the same rental therefor as is offered by any other responsible person in good faith,’ but the lessor, though willing to lease the premises, fails to'submit to the lessee any offers from responsible persons, equity upon proper application by the lessee therefor, will ascertain the fair .rental value of the premises and will decree specifically the extension or renewal of the lease.” ■
 

 In the case of
 
 Bechmann
 
 v.
 
 Taylor,
 
 80 Colo., 68, 249 P., 262, it was held:
 

 “In an action for specific performance of the terms of a lease containing an option for renewal, the objection that the law furnished an adequate remedy overruled, and the complaint held to state a cause of action for specific performance.”
 

 In 51 Corpus Juris Secundum, 856, Section 232 j, it is said:
 

 
 *637
 
 “Where the language of a lease is ambiguous, in ascertaining the intention of the parties the court may consider the surrounding facts and circumstances which existed at the time of its execution. For this purpose the court should place itself as nearly as possible in the position of the parties when the instrument was executed; and if the language of the lease is ambiguous the court may consider the situation of, and the relations between, the parties, the situation, character and surroundings, and the condition of the property, and also the object of the lease, or the purpose which the parties' sought to accomplish. Each clause of the lease will be construed, if possible, so as to promote the general purpose.”
 

 At page 597, Section 56 b (2),
 
 ibid.,
 
 it is said:
 

 “* * * However, it has been held that a contract is enforceable which provides that the lessor shall fix the amount of the rent, or which provides for a renewal at a rental satisfactory to both lessor and lessee, or at a rental to be agreed on by the parties, where under the circumstances it is to be implied that the rent for the new period is to be a reasonable rent.”
 

 In 32 American Jurisprudence, 809, Section 962, it is said:
 

 “As a general rule, in construing provisions relating to renewals, where there is any uncertainty, the tenant is favored, and, not the landlord, because the latter, having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man’s grant is to be tafeen most strongly against himself. ’ ’
 

 “It is a maxim of law that that is certain which may be made certain:
 
 id cerium est quod certum reddi potest;
 
 Co. Litt. 43.” 1 Bouvier’s Law Dictionary, 441. Where parties agree to fix a rental for an. extended lease term, there is implicit in such agree
 
 *638
 
 ment that the price to he fixed is reasonable. When such parties fail to agree, a court of equity has the power and authority to fix a reasonable rental.
 

 In the instant case, the lease was extended when lessees gave to lessor the prescribed notice. Both parties thereby became bound, the lessees to pay and the lessor to accept a reasonable rental during the extended term. (Subject, of course, to all the conditions of the original lease save the duration and rental. The duration of the extended term was definitely fixed, the amount of rental was also fixed being a reasonable rental which the court could decree.) The court did not need to make a contract for the parties; the parties had made»a contract for themselves. A decree for specific performance will compel the lessor to abide by his contract.
 

 It is alleged in the petition and admitted by the demurrer that the lessees spent large' sums in preparing the demised premises for use as a food market; that such sums for improvements would not have been expended nor would the lease have been entered into by plaintiffs if the lessor had not granted to lessees the option contained in the lease. If an action in damages for breach of the lease were brought by lessees against the lessor the question of speculative damages would arise.
 

 We are of the opinion that the plaintiffs do not have any plain, adequate or complete remedy at law.
 

 Therefore, we are' of the opinion that the judgment of the Court of Appeals should be and it hereby is • reversed and this cause is remanded to the Court of Common Pleas for proceedings not inconsistent with this opinion.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur. •
 
 '