HUGHES REALTY COMPANY, Plaintiff and Appellant,

v.

A. J. BREITBACH, Sr., A. J. Breitbach, Jr., Kay Breitbach, and W. T. Bristol, a Copartnership, doing business as Breitbach Hotel Co., Defendants and Respondents.

No. 7837.

Supreme Court of North Dakota.

Sept. 29, 1959.

Alfred A. Thompson, Bismarck, for plaintiff and appellant.

Conmy & Donahue, Bismarck, for defendants and respondents.

STRUTZ, Judge.

The complaint of the plaintiff and appellant, Hughes Realty Company, alleges that, on September 15, 1953, a lease was entered into between E. A. Hughes, the assignor of Hughes Realty Company, as the lessor, and A. J. Breitbach, Sr., A. J. Breitbach, Jr., Kay Breitbach, and W. T. Bristol, a copartnership doing business as Breitbach Hotel Company, defendants and respondents, as lessees, whereby E. A. Hughes leased to A. J. Breitbach, Sr., A. J. Breitbach, Jr., Kay Breitbach, and W. T. Bristol, the defendants and respondents, certain hotel properties in the city of Bismarck, North Dakota, known as "The Prince Hotel." Such lease was for a term of five years at a cash rental of $1,300 per month plus other payments, including a sum equal to the taxes on said leased premises, the payment of the premiums on a $100,000 policy of fire and extended coverage insurance on the leased premises, and the payment of all repairs and maintenance on the leased building except any repair which might be necessary on the roof. The evidence discloses that, during the term of the lease between the parties, the lessees paid large sums for repairs and improvements and that, during the lease of such property, the lessees had spent large sums for furniture and fixtures usable in the leased premises.

In additition to the usual covenants, the lease between the parties contained the following provision:

"It is further agreed that the Lessee has the option to renew this lease for five years upon notice of such intent given in writing at least sixty (60) days before date of expiration, with the condition that the rental rate as fixed in this lease may be con-

tinued or adjusted as conditions at the time of the renewal may demand."

The defendants and respondents served timely notice of their intent to renew the lease and the plaintiff and appellant then commenced an action for a declaratory judgment, asking the court to construe the contract and to determine the rights of the parties thereunder. The appellant contended that the above-quoted option agreement to renew was void because of the uncertainty and indefiniteness of the rent to be paid, and further urged that, if the option was held to be valid, the court fix the amount of rents due under the renewal option.

The trial court held that the option to renew was valid, and then proceeded to adjust the rent by increasing the monthly cash payment to be made by the respondents to the appellant from $1,300 to $1,500, and by increasing the amount of insurance which the lessees had to keep in force from $100,000 to $300,000. All other provisions of the lease, which was renewed, were continued by the court.

The lessor appealed from this decision, urging two grounds in support of its appeal:

1. That the purported option to renew embodied in said lease is invalid because of indefiniteness and uncertainty of the rent to be paid by the lessees; and

2. If the option is found to be valid, that the rents fixed by the trial court for the premises were inadequate and unreasonable.

It is fundamental that courts will not enforce a contract which is vague, indefinite, or uncertain, nor will they make a new contract for the parties.

In this case, however, it is conceded that all of the provisions of the contract are definite and certain with the possible exception of the rent to be paid. The renewal is to be for a term of five years, which is definite; the lessees are to pay all real estate taxes paid by the lessor and assessed against the leased premises; the lessees are to pay, as further rent, the premiums on a $100,000 policy of fire and extended insurance coverage on the premises; the lessees are to keep the premises in good repair; and the lessees are to pay, in the renewal period, the same rental as is provided for in the original lease or a rental "adjusted as conditions at the time of renewal may demand."

The majority of the courts that have passed on the question hold that a renewal agreement in a lease, which leaves the renewal rental to be fixed by future agreement between the parties, is unenforceable and void for uncertainty and indefiniteness. Sterenberg v. Beach, 219 Ill.App. 68; Moran v. Wellington, 101 Misc. 594, 167 N.Y.S. 465; Sammis v. Town of Huntington, 104 Misc. 7, 171 N.Y.S. 965, affirmed in 186 App.Div. 463, 174 N.Y.S. 610; Candler v. Smyth, 168 Ga. 276, 147 S.E. 552; Levin v. Munk, 97 Ind.App. 118, 169 N.E. 82; Puetz v. Cozmas, 237 Ind. 500, 147 N.E.2d 227.

There is, however, a very respectable minority which holds that a renewal covenant in a lease, which leaves only the rental to be determined by agreement of the parties, is not void for uncertainty because reasonable rent can be determined. Edwards v. Tobin, 132 Or. 38, 284 P. 562, 68 A.L.R. 152; Young v. Nelson, 121 Wash. 285, 209 P. 515, 30 A.L.R. 568; Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 56 A.L.R. 903; Moss v. Olson, 148 Ohio St. 625, 76 N.E.2d 875.

See also Edwards v. Bernstein, 238 Ky. 38, 36 S.W.2d 662, 663, where the Kentucky court, while not passing directly upon the point of whether a renewal option which leaves the rent to be determined by agreement of the parties is void for uncertainty, does use the following language:

"The precise question has never been definitely determined in this state,

though the cases * * * seem to lean toward the view that such provisions are enforceable. For the purposes of this opinion we shall assume, without deciding, that the correct rule is the one announced in Edwards v. Tobin, supra, which is that a renewal covenant in a lease, which leaves the rental to be determined by agreement of the parties, is not void for uncertainty but is a contract which equity will enforce."

■ According to the great weight of authority, a lease ordinarily is construed against the lessor in case of ambiguity. 32 Am.Jur., p. 133, Sec. 128.

■ Therefore, in construing the provisions in the lease here before the court relative to the option to renew, any uncertainty in the language of the option must be construed in favor of the tenant and against the lessor. The lessor had the power to incorporate terms and conditions in his own favor and, if he neglected to do so, he alone is responsible. Seidenbach's v. Crown Drug Co., 187 Okl. 203, 102 P.2d 186; Kaufmann v. Liggett, 209 Pa. 87, 58 A. 129, 67 L.R.A. 353, 103 Am.St.Rep. 988; Stetler v. North Branch Transit Co., 258 Pa. 299, 101 A. 980; Launtz v. Kinloch Tel. Co., 239 Ill.App. 204.

In the case here before the court, we believe we have an entirely different situation from that which faced the courts in the Edwards v. Tobin case, or in any of the other cases where the renewal clause specifically provided that the rent during the renewal period should be such rent as would be determined by the parties at the time of renewal. In this case, the new lease was to be subject to all of the terms and conditions of the old lease, including the rent to be paid. The renewal option specifically provided: "with the condition that the rental rate as fixed in this lease may be continued * * *" The only change in the rental would be if the parties agreed to adjust the rent because of changed conditions. The parties have not agreed to adjust the rent, and therefore this renewal option must be interpreted as providing for a renewal subject to the same rental.

■ The law does not favor, but leans against, the destruction of contracts because of uncertainty, and it will, if feasible, so construe an agreement as to carry into effect the reasonable intention of the parties, if that can be determined. Wilson v. Wilson, 96 Cal.App.2d 589, 216 P.2d 104; McIllmoil v. Frawley Motor Co., 190 Cal. 546, 213 P. 971.

This court should not permit the landlord to violate the plain meaning of his lease by claiming that the agreement made with the lessees, under which he collected rent for five years, is so vague and indefinite that it cannot be enforced. If there is uncertainty and ambiguity, it should be construed against the landlord or the party granting the option privilege.

■ We believe that the provision for renewal must be deemed to contemplate the same terms of rental as for the previous term; otherwise the privilege for renewal would be meaningless and would be mere idle words. The option to renew, instead of being with the tenant where it clearly belongs, would be with the landlord since he could easily demand rent at a prohibitive figure and make the option to renew worthless and of no effect.

Here the lessees have occupied the leased premises for the full term of the 1953 lease and, so far as the record discloses, have faithfully performed their part of its provisions. During the term of their lease they paid large sums for repair and maintenance and invested large sums in equipment and improvements. It must be assumed that their business was carried on in contemplation of their right to renew the lease under the option which it contained.

Since the renewal clause was put into the lease for the benefit of the lessees and since

any ambiguity or uncertainty must be construed in favor of the lessees, we hold that the renewal agreement does not leave the rent to be fixed in the future or by future agreement between the parties, but that the rent is definitely fixed in the lease, "* * with the condition that the rental rate as fixed in this lease may be continued * *" Under this renewal option, the tenant has the right to renew at the same rental. It is only when the parties can agree that conditions at the time of renewal demand a different rental rate that the rent may be adjusted.

While the precise question of whether an option agreement for renewal of a lease, which leaves the renewal rental to be fixed by future agreement between the parties, is enforceable, or whether it is void because of uncertainty, has never been definitely determined in this State, it is not necessary to pass upon that question in this case. The parties did definitely agree that the rental should be the same unless, in the light of changed conditions, they should agree to adjust the rent as conditions might demand.

Having determined that the renewal option is valid and that the rental, unless there is agreement to adjust the same, shall be the same as in the prior term, it is unnecessary for us to pass upon the second question raised by the appellant, to wit: whether the rent fixed for the premises by the trial court was adequate and reasonable.

While this court interprets the option to renew in this case as giving to the lessees the right to renew the lease for the same rent provided for in the 1953 lease, the lessees apparently are satisfied with the rents as fixed by the trial court and have acquiesced therein. They have raised no question as to these rents by cross-appeal. We therefore affirm the judgment of the trial court.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.